UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATTY GLASSFORD,** ) | Case Number |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| **NCO FINANCIAL SYSTEMS, INC.,** ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Patty Glassford, by and through her undersigned counsel, Brent Vullings of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.      INTRODUCTORY STATEMENT

1.      Plaintiff is an individual consumer and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  Plaintiff also brings this action pursuant to the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et seq. ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

### II.      JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that Plaintiff resides here and the Defendant's principal place of business is in this district.

### III. PARTIES

4. Plaintiff, Patty Glassford, is an adult individual and citizen of the Commonwealth of Pennsylvania, with a mailing address of P.O. Box 481, Montgomeryville, PA 18936.

5. Defendant, NCO Financial Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Defendant, by and through its agents, began a series of frustrating phone calls to Plaintiff's newly purchased cell phone (215-589-5630) in July 2008.

8. Defendant is attempting to collect an alleged debt owed by someone named Richard Krauss. Plaintiff has been receiving calls since July 2008, approximately twice a day. The calls are either recorded messages which she receives at 8:12 a.m. and 5:09 p.m, or actual agents of Defendant asking for Richard Krauss.

9. When Plaintiff has the opportunity to do so, Plaintiff states to Defendant's agents that "she" is not Richard Krauss, nor does she know anyone by that name. The agent then abruptly hangs up the phone on Plaintiff.

10. Plaintiff has also, on two separate occasions, taken the time to call Defendant at 800-678-2729 and gone through the automated process to correct their wrong information to no avail.

11. Not only are the phone calls a nuisance to Plaintiff but they are wasting Plaintiff's time and money.

12. The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said law.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Plaintiff herein.

## COUNT I
## FDCPA VIOLATION 15 U.S.C. § 1692 et seq.

15. The above paragraphs are hereby incorporated herein by reference.

16. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:  15 U.S.C. 1692b(1), b(2), b(3), c(a)(1), c(b), d, d(5), d(6), e, e(10), e(11),  f and g.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, attorney's fees and costs and other appropriate relief.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in their favor and against Defendant and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

    c.    Statutory damages pursuant to 15 U.S.C. §1692k;

    d.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    e.    Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

18.    Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

19.    The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

20.    The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

21.    The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

22.    The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

23.    Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

24.    As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

25.    By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

26. The foregoing paragraphs are incorporated herein by reference.

27. Plaintiff and Defendant are "Persons" according to 73 Pa. C.S § 201-2.

28. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

29. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

30. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

31. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

    a.    An Order declaring that Defendant violated the UTPCPL;

    b.    Actual damages;

    c.    Treble damages;

    d.    An award of reasonable attorney's fees and expenses and cost of suit; and

    e.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

### V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                **Respectfully submitted,**

                **WARREN & VULLINGS, LLP**

**Date:    December 14, 2008**        **BY:    /s/Brent F. Vullings**
                                                      Brent F. Vullings, Esq.
                                                      1603 Rhawn Street
                                                      Philadelphia, PA  19111
                                                      215-745-9800    Fax 215-745-7880
                                                      Attorney for Plaintiffs